ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| JOSÉ M. GONZÁLEZ APONTE; IDALIS OCASIO LOZADA<br><br>RECURRIDOS<br><br>V.<br><br>IRIS A. SANTANA BÁEZ MUNICIPIO AUTÓNOMO DE CAROLINA<br><br>PETICIONARIOS | KLCE202400814 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br>_____<br>CASO NÚM.: CA2023CV03884 (SALA 409)<br>_____<br>SOBRE: LEY PARA LA REFORMA DEL PROCESO DE PERMISOS (LEY NÚM.161-209) |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de agosto de 2024.

Comparece el Municipio de Carolina (en adelante, "Municipio" o "Peticionario"), quien nos solicita que revisemos una Resolución emitida y notificada el 3 de junio de 2024 por el Tribunal de Primera Instancia, Sala Superior de Carolina (en adelante, "TPI"). Mediante la referida *Resolución*, el TPI determinó que tenia jurisdiccion para atender el caso de epígrafe. Luego, el 25 de junio de 2024, el TPI notificó *Resolución* donde declaró *No Ha Lugar* una moción de reconsideración al respecto.

Por los fundamentos que exponemos a continuación, se **deniega** expedir el recurso ante nuestra consideración.

**I.**

El 5 de diciembre de 2023, el señor José M. González Aponte y la señora Idalís Ocasio Lozada (en conjunto,

Número Identificador

RES2024_____

"el señor González y la señora Ocasio" o "los recurridos") presentaron una *Demanda[1]* contra la señora Iris A. Santana Báez (en adelante, "señora Santana") en la cual solicitaron la demolición de la construcción realizada por esta última, ya que no cuenta con los permisos correspondientes. Además, establecieron los siguientes hechos:

7. La residencia de la Sra. Iris A. Santana Báez (en adelante "la demandada") ubica al lado izquierdo de la propiedad de los demandantes[…]

8. La demandada construyó una marquesina en el patio lateral derecho, una escalera para acceso al techo en el patio lateral derecho y llevó a cabo unas ampliaciones hacia el patio delantero, derecho y hacia el patio posterior de su residencia.

[…]

10. La parte demandada intentó legalizar dichas construcciones, a lo que se opusieron los demandantes ante el Municipio Autónomo de Carolina, foro que expidió un permiso de construcción a favor de la demandada.

11. Emitido dicho permiso de construcción, los demandantes solicitaron la revisión del mismo ante la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos, foro que revocó dicho permiso.[2]

Ante esto, el 12 de diciembre de 2023, la señora Santana presentó una *Solicitud de Desestimación[3]* mediante la cual argumentó que el TPI está impedido de expedir una orden de *injunction* debido a que la División de Revisiones Administrativas del Departamento de Desarrollo Económico y Comercio de la Oficina de Gerencia y Permisos (en adelante, "OGPe") tenía ante sí

---

[1] Apéndice del Recurso, Anejo I, págs. 1-5.
[2] *Íd.*, pág. 3.
[3] Apéndice del Recurso, Anejo II, págs. 6-68.

una *Solicitud de Revisión*. Añadió que el término para considerar la misma vencería el 27 de diciembre de 2023.

En ese mismo día, 12 de diciembre de 2023, el señor González y la señora Ocasio presentaron su *Oposición a Solicitud de Desestimación*.[4] Allí sostuvieron que no se ha demostrado la existencia de algún permiso de construcción debido a que OGPe revocó el mismo y tal determinación es final y firme por no haber sido cuestionada ante el Tribunal de Apelaciones, según dispone la legislación.

Tras una *Orden*[5] del TPI, el 20 de diciembre de 2023, el señor González y la señora Ocasio presentaron una *Demanda Enmendada*[6] para acumular al Municipio como codemandado.

Consecuentemente, el 28 de diciembre de 2023, el señor González y la señora Ocasio presentaron la *Resolución de Revisión Administrativa* de OGPe.[7] En tal *Resolución*, OGPe declaró *Ha Lugar* la revisión administrativa y dejó sin efecto la determinación del Municipio bajo el fundamento de que no cumplió con las disposiciones de ley.[8]

El 16 de enero de 2024, el TPI emitió una *Minuta Resolución*, notificada el 22 de febrero de 2024, en la cual ordenó a las partes que mostraran su posición respecto a dos asuntos: (1) si el caso está maduro y (2) si tiene jurisdicción primaria para atenderlo obviando el trámite administrativo.

En cumplimiento, el 3 de marzo de 2024, el señor González y la señora Ocasio presentaron *Moción en*

---

[4] Apéndice del Recurso, Anejo III, págs. 69-84.
[5] Apéndice del Recurso, Anejo IV, págs. 85-86.
[6] Apéndice del Recurso, Anejo V, págs. 87-90.
[7] Apéndice del Recurso, Anejo VIII, págs. 102-118.
[8] *Íd.*, pág. 117.

*Cumplimiento de Orden*.[9] Mediante la cual argumentaron que el TPI tenía jurisdiccion para atender el asunto debido que la *Revisión Judicial*[10] -identificada con la codificación alfanumérica **KLRA202400039**- presentada por la señora Santana, fue desestimada por razones insubsanables.

Igualmente, el 27 de marzo de 2024, el Municipio presentó *Moción expresando Posición*[11] en la cual alegó que el TPI no tenía jurisdicción debido a que asunto aun estaba pendiente en OGPe por incumplirse con el proceso de notificación adecuada.

Asimismo, el 8 de mayo de 2024, la señora Santana presentó su *Moción expresando nuestra posición*[12] en la cual reitera los planteamientos del Municipio.

Así las cosas, el 3 de junio de 2024, el TPI emitió y notificó una *Resolución* en la cual determinó que tenía jurisdicción para atender el caso de epígrafe.

En desacuerdo, el 18 de junio de 2024, la señora Santana presentó una *Moción Solicitando Reconsideración*.[13]

De igual manera, el 19 de junio de 2024, el señor González y la señora Ocasio presentaron su *Oposición a Moción Solicitando Reconsideración*.[14]

A esos efectos, el 25 de junio de 2024, el TPI notificó *Resolución* donde declaró *No Ha Lugar* la solicitud de reconsideración.

---

[9] Apéndice del Recurso, Anejo X, págs. 124-142.
[10] *Íd.*, pág. 134.
[11] Apéndice del Recurso, Anejo XI, págs. 143-162.
[12] Apéndice del Recurso, Anejo XIII, págs. 167-175.
[13] Apéndice del Recurso, Anejo XIX, págs. 190-193.
[14] Apéndice del Recurso, Anejo XX, págs. 194-196.

Inconforme, el 24 de julio de 2024, el Municipio presentó el recurso de *Certiorari* que nos ocupa y señaló la comisión del siguiente error:

> Erró [sic] el Honorable Tribunal de Primera Instancia, Sala Superior de Carolina y abuso de su discreción al asumir jurisdiccion en este caso a pesar de que la División de Revisiones Administrativas de la Oficina de Gerencia de Permisos determinó que la aprobación de la consulta de construcción 2020-316968-CCO-008373, fue defectuoso, por lo cual no surtió efecto y los términos para revisar la misma no comenzaron a decursar.[15]

En consecuencia, el 31 de julio de 2024, el señor González y la señora Ocasio presentaron su alegato en oposición al recurso de epígrafe.

Evaluados los planteamientos presentados por las partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

## II.

### A. Certiorari

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior.[16] Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional, por tratarse de ordinario de asuntos interlocutorios.[17] Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción".[18] Asimismo, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión

---

[15] *Íd.,* pág. 4.

[16] *800 Ponce de León Corp. v. American International Insurance Company of Puerto Rico,* 2020 TSPR 104, 205 DPR 163 (2020), *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 337-338 (2012).

[17] *Negrón v. Secretario de Justicia,* 154 DPR 79, 91 (2001).

[18] *García v. Padró*, 165 DPR 324, 334 (2005).

justa.[19] Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta.[20] Esto, por razón de que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría un abuso de discreción.

**B. Regla 40 del Reglamento del Tribunal de Apelaciones**

La Regla 40 de nuestro Reglamento[21], establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. La aludida regla establece lo siguiente:

> **El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:**
>
> **(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.**
>
> **(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.**
>
> **(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.**
>
> **(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.**
>
> **(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.**
>
> **(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.**

---

[19] *Id.,* a las págs. 334-335.
[20] *Id.,* a la pág. 335.
[21] 4 LPRA Ap. XXII-B.

**(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.**[22]

Este Tribunal sólo puede intervenir con el ejercicio de la discreción en aquellas situaciones en que se demuestre que el foro recurrido: (1) actuó con perjuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en interpretar o aplicar cualquier norma procesal o de derecho sustantivo.[23] Si bien es cierto que determinar si un tribunal ha abusado de su discreción no es tarea fácil, ello ciertamente está relacionado de forma estrecha con el concepto de razonabilidad.

### III.

En síntesis, el Peticionario aduce que erró el TPI al determinar que tenía jurisdicción para atender el caso de epígrafe.

Tras un examen minucioso del recurso ante nos, y de revisar los criterios de la Regla 40, *supra,* concluimos que no existen razones que justifiquen nuestra intervención con la determinación recurrida.

Además, como tribunal revisor, sólo debemos intervenir con las determinaciones interlocutorias del foro primario cuando se demuestre que este último actuó con prejuicio, parcialidad, con craso abuso de su discreción o se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo.

Así las cosas, no estamos en posición de concluir que la actuación recurrida fuese irrazonable o contraria en derecho. Consecuentemente, tampoco podemos afirmar

---

[22] 4 LPRA Ap. XXII-B, R. 40.
[23] *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

que dicha actuación fuese el resultado de abuso de discreción del TPI. Por tanto, procede denegar la expedición del auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuesto, se **deniega** la expedición del Recurso de *Certiorari*.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


*Lcda. Lilia M. Oquendo Solís*
*Secretaria del Tribunal de Apelaciones*